IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-51-BO

LATHAN A. JONES )
    Plaintiff, )
)
v. ) ORDER
)
NANCY A. BERRYHILL, )
    Defendant. )

This cause comes before the Court on plaintiff's motion for attorney fees [DE 26]. For the reasons discussed below, the motion is GRANTED.

Plaintiff's attorney, Russell R. Bowling of the Olinsky Law Group, moves for an award of attorney fees based on a contingency fee agreement between him and plaintiff. Bowling represented plaintiff in a civil action before this Court. With the consent of the parties, the case was remanded for a new hearing. At that time, Bowling moved for fees under the Equal Access to Justice Act (EAJA). Following another hearing, plaintiff was found to be disabled and was awarded benefits. Bowling has now moved for attorney fees based on the contingency fee agreement he has with plaintiff.

Under 42 U.S.C. § 406(b), this Court may award a portion of past-due benefits to a claimant's attorney as a fee. That portion cannot be more than 25%. 42. U.S.C. § 406(b). Factors to account for when determining whether to approve a fee request include the existence and reasonableness of a contingency fee agreement, as well as the complexity or difficulty of the case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002); *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir 2005). When a 42 U.S.C. §406(b) fee award and an EAJA fee award are provided, the attorney must return the smaller award to the claimant. *Gisbrecht*, 535 U.S. at 796.

Here, plaintiff was awarded $98,782 in past-due benefits. $24,695.50 was withheld for possible attorney fees, as is the Commissioner's general practice. [DE 27 at 2]. Bowling has represented that $6,000 of that amount was distributed to the attorney who represented plaintiff in the administrative proceeding.

Bowling has now requested $10,000 of the remaining money for his attorney fees. This Court finds that such an award is appropriate, and accordingly grants plaintiff's motion.

Bowling also indicated in his motion that though this Court granted his EAJA request in 2015, he never received a disbursement from the Department of the Treasury due to plaintiff's debt. If an award had been distributed under the EAJA, that would be returned to plaintiff under this order.

For the foregoing reasons, plaintiff's motion [DE 26] is GRANTED.

SO ORDERED, this the 27 day of March, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE